■ MINNIE WOLTMAN, Respondent, v. KINGS HIGHWAY PROPERTY CORPORATION, Appellant, et al., Defendants.— In an action to recover damages for personal injuries, the appeal is from an order entered July 7, 1958 which (1) granted respondent's motion for reargument and upon reargument granted appellant's motion to dismiss the complaint for failure to diligently prosecute unless respondent place the action on the calendar for the next available term, and (2) vacated an order entered May 8, 1958 dismissing the complaint, upon the filing of a note of issue for the next available term. Order affirmed, without costs. No opinion. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ MINNIE WOLTMAN, Respondent, v. LEFRAK BUILDERS, INC., Appellant.— In an action to recover damages for personal injuries, the appeal is from an order entered July 7, 1958 which (1) granted respondent's motion for reargument and upon reargument vacated an order entered May 8, 1958 dismissing the complaint, and (2) granted respondent leave to serve an amended complaint within a stated period. Order affirmed, without costs. No opinion. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.

## (December 31, 1959)

■ HERBERT BOWLES, Respondent, v. SAMUEL WALDER, Appellant.— In an action to recover damages for injuries sustained as the result of malpractice, the appeal is from a judgment entered on a jury's verdict in favor of respondent for $70,000. On March 24, 1954 appellant, a surgeon, rendered emergency treatment to respondent, who had sustained a compound, comminuted fracture of the right olecranon. A wire which appellant had used to align the fragments but which was found to have encircled the ulnar nerve, which had not been retracted, was removed on July 13, 1954. Pain and numbness and stiffness, which had been experienced from the elbow to the fourth and fifth fingers, then largely disappeared, although there remained some limitation of motion, tenderness at the elbow and diminished sensation along the distribution area of the nerve. Thereupon respondent allegedly became nauseous when he considered returning to work and lost interest in life. He has been the victim of accidents, both before and after that of March 24, 1954, which involved loss of the index finger and stiffening of the middle finger of the right hand, injuries to the head and poisoning by smoke. His psychiatrist testified that the fractured elbow itself could have caused his claimed neurosis. He has operated his automobile since 1954. In that year and in 1957, in his applications for licenses to operate an automobile, he disclaimed mental illness and physical disability. Judgment reversed and a new trial granted, with costs to abide the event, unless respondent, within 10 days after the entry of the order hereon, stipulate to reduce the amount of the verdict in his favor to $25,000, in which event, the judgment as so reduced is affirmed, without costs. In our opinion the verdict is excessive. Wenzel, Acting P. J., Beldock and Ughetta, JJ., concur; Kleinfeld, J., concurs in the reversal of the judgment but dissents from the granting of a new trial unless respondent stipulate to reduce the verdict to $25,000, and votes to grant a new trial unless respondent stipulate to reduce the verdict to $50,000 and to affirm the judgment as so reduced if respondent so stipulates, with the following memorandum: Under all the circumstances, it is my opinion that the reduction to $25,000 is too drastic and is unwarranted.